2473

The STATE, Respondent v. Bryant F. PEAY, Appellant.

(468 S.E. (2d) 669)

Court of Appeals

*Jonathan Harvey,* of Columbia, *for appellant.*

*Attorney General Charles M. Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General G. Robert DeLoach, III;* and *Solicitor Warren B. Giese,* all of Columbia, *for respondent.*

Heard Jan. 11, 1996.

Decided Mar. 4, 1996; Reh. Den. Apr. 18, 1996.

CONNOR, Judge:

Bryant F. Peay appeals his conviction for trafficking in cocaine. We affirm.

I.

Peay first argues the trial court erred in refusing to charge the jury possession with intent to distribute as a lesser-included offense to trafficking based upon possession.

S.C. Code Ann. § 44-53-370 (Supp. 1995) provides:

(a) Except as authorized by this article it shall be unlawful for any person:

(1) to manufacture, distribute, dispense, deliver, purchase, or aid, abet, attempt, or conspire to manufacture, distribute, dispense, deliver, or purchase, or *possess with intent* to manufacture, *distribute,* dispense, deliver, or purchase a controlled substance;

(2) to create, distribute, dispense, deliver, or purchase, or aid, attempt, or conspire to create, distribute, dispense, deliver, or purchase, or possess with intent to distribute, dispense, deliver, or purchase a counterfeit substance.

(Emphasis added.) S.C. Code Ann. § 44-53-370(e) (Supp. 1995) defines several crimes involving trafficking in various controlled substances, and provides, in part:

The offense of possession with intent to distribute described in Section 44-53-370(a) is a lesser included offense to the offenses of trafficking *based upon possession described in this subsection.*

(Emphasis added.)

*State v. Raffaldt,* 318 S.C. 110, 456 S.E. (2d) 390 (1995), held it is the amount of cocaine, rather than the criminal act, which triggers the trafficking statute, and distinguishes trafficking from distribution and simple possession. If the amount of cocaine, or any mixture containing cocaine, is ten grams or more, the trafficking statute is applied. *Id.* That is, where all the evidence indicates the defendant was dealing in quantities of cocaine over ten grams, the defendant is only entitled to charges of trafficking, not distribution or possession. *Id. See also Matthews v. State,* 300 S.C. 238, 387 S.E. (2d) 258 (1990) (where there is conflicting evidence as to whether the amount of the contraband is sufficient to invoke the trafficking statute, the court should submit charges to the jury on both trafficking and possession with intent to distribute; where, however, the undisputed evidence is that the amount involved exceeds the minimum trafficking amount, only the trafficking charge should be submitted to the jury); *accord State v. Grandy,* 306 S.C. 224, 411 S.E. (2d) 207 (1991) (citing the rule from *Matthews*).

It is undisputed officers recovered 515 grams of cocaine when Peay was arrested. Because the amount of the cocaine involved in this case indisputably exceeded the minimum amount necessary to sustain a conviction for trafficking (ten grams), the trial court correctly refused Peay's request to charge possession with intent to distribute as a lesser included offense.

## II.

Peay next argues the trial judge erred in refusing to require the state to enter the audio portion of the videotape taken of Peay into evidence, rather than playing the videotape without the sound. Peay claims this negated any opportunity he had for meaningful cross-examination "concerning exculpatory matter, or impeaching matter, omitted by the State." We find no reversible error.

Prior to trial, the prosecutor advised the trial judge that she intended to introduce the videotape with no volume, and then play an audiotape made from a wiretap in the car during the transaction. Peay's counsel argued he was entitled to have the jury hear the audio portion of the videotape because it "would be regarded by the court as exculpatory for the defendant." The prosecutor responded that if defense counsel "wants to put in the sound from the video, that's fine." The judge ruled defense counsel could put the audio portion into evidence in Peay's case, but the judge was not going to require the state to do so. Counsel asked the judge to reconsider because "if I've got to bring it in then, of course, I can't cross-examine it. I've got to present it in direct testimony." Counsel claimed statements were made on the audio portion which would be to the advantage of the defense. The judge declined to change his ruling.

The state introduced the videotape during its direct examination of Officer Steve Pearson. The prosecutor played the videotape to the jury and asked Pearson several questions designed to explain the tapes contents. On cross-examination, Peay's counsel asked several questions related to the videotape, but did not ask that the tape be replayed or that the audio portion be presented so that he could cross-examine Pearson. The prosecutor also asked Officer Ricky Crosby if he had seen the videotape, and again Peay did not use this opportunity to have the tape, with the audio portion, replayed for the jury during his cross-examination of Crosby.

On appeal, Peay claims the judge should have required the state to present the full context of the videotape, including the audio portion, so that Peay could have meaningful cross-examination concerning the tape. To begin with, the judge's ruling was made *in limine*, and was not final. Peay should have renewed his request when the tape was offered, as the judge may have changed his mind. *See State v. Schumpert*, 312 S.C. 502, 435 S.E. (2d) 859 (1993) (although counsel raised an issue at an *in limine* hearing to determine on the admissibility of evidence, he did not object when the witnesses actually testified; a ruling *in limine* is not a final ruling on the admissibility of evidence and unless an objection is made at the time the evidence is offered and a final ruling made, the issue is not preserved for review).

Furthermore, the judge acted within his discretion in admitting the evidence as he did. *Cf. State v. Jackson*, 265 S.C. 278, 217 S.E. (2d) 794 (1975) (when part of a conversation is put into evidence, an adverse party is entitled to prove the remainder of the conversation, so long as it is relevant, particularly when it explains or gives new meaning to the part initially recited).[1]

## III.

Peay argues the trial judge erred in refusing his request to charge the jury on actual possession, constructive possession, and mere presence.

The state produced evidence Peay was a passenger in a car owned and operated by Ray Lever, Peay's employer. The car pulled into the 76 Truck Stop where Lever left the vehicle and entered a vehicle occupied by Officer Pearson, who was action undercover. Lever and Pearson talked a while, then Lever returned to his car. Peay came over and got into Pearson's car. When Peay displayed $10,500 in cash, Pearson produced the cocaine. Pearson then handed the cocaine to Peay, who put the bag down in his pants. Pearson thereafter alerted other agents the transaction was complete. Agents arrested Lever and Peay as they attempted to drive away from the truck stop. The bag of cocaine was on the front seat.

The law to be charged to the jury is to be determined by the evidence presented at trial. *State v. Lee*, 298 S.C. 362, 380 S.E. (2d) 834 (1989). The trial judge commits reversible error when he fails to give a requested charge on an issue raised by the indictment and the evidence presented. *Id.* The trial judge should charge only the law applica-

---

[1] We note that Rule 106, SCRE, provides, "When a writing, or recorded statement, or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it." The note following the Rule states this is a change in prior state court procedure, which required the party seeking to bring out the remainder of a document or writing to wait until cross-examination or the presentation of that party's case in chief to do so. Under the new Rule, the party seeking to introduce the remainder of a written or recorded statement can now require the remainder to be introduced at the same time the other part of the written or recorded statement is introduced. See Rules 101 and 1101(b), SCRE (the rules of evidence apply generally to criminal cases and proceeding); Rule 1103(b), SCRE (the rules became effective September 3, 1995).

ble to the case, as the purpose of jury instructions is to enlighten the jury. *Id.* Providing instructions to the jury which do not fit the facts of the case may tend to confuse the jury. *Id.*

Possession of contraband may be either actual or constructive. *State v. Hudson*, 277 S.C. 200, 284 S.E. (2d) 773 (1981). Actual possession occurs when the drugs are found to be in the actual physical custody of the person charged with possession. *Id.* To prove constructive possession, the state must show a defendant had dominion and control, or the right to exercise dominion and control, over the drugs. *Id.* Because the evidence the state produced tended to show Peay had actual control over the cocaine, a charge distinguishing actual and constructive possession was unnecessary.

Likewise, a charge on mere presence is necessary only when the state attempts to establish constructive possession of contraband. *State v. Ellis*, 263 S.C. 12, 207 S.E. (2d) 408 (1974). Where the state alleges and proves actual possession, the court need not give a constructive possession or "mere presence" charge. *See State v. Lee* (the evidence produced by the state tended to show Lee exercised actual possession and control over the cocaine; thus, "mere presence" was not an instruction supported by the evidence presented by the state at trial).

Accordingly, the trial judge did not err in refusing Peay's request to charge constructive possession or mere presence.

## IV.

Peay finally argues the trial judge erred in failing to intervene *sua sponte* and cut off improper closing argument by the prosecutor.

In her closing argument to the jury, the prosecutor made the following remarks:

> At that point in time Bryant Peay was the big dog. Or at least he thought he was. You heard what he said. Now, of course, when we come in here Mr. Pride's (defense counsel) changed that. But think about what Bryant Peay was saying and what he was thinking when he thought thirteen people like you were nowhere around. That's when you see the real Bryant Peay. You note that his mother is here. You can't help but feel sorry for his

mother. That makes this whole situation even worse. I mean, obviously he has a mother that cares about him and loves him. Why he does this kind of thing I don't know and I'm not going to attempt to figure that out. You notice that—you notice how he's dressed and I don't really get into how people dress. It doesn't really matter to me. But isn't it interesting that he dressed better to go to the drug deal than he did to come to court. What does that tell you about what the defense is trying to show you. Just little things like that.

\* \* \* \* \* \*

The last thing I want to talk about, and I'm going to sit down after this, is reasonable doubt. And Mr. Pride has talked to you about reasonable doubt and it's an important thing. This is an important case to the State and, of course, to the defense. In those tapes and through what Mr. Peay says, you can see that of all the people in this courtroom, out of everybody in this courtroom, Bryant Peay, on February 25, 1994 did not have a reasonable doubt. And how do you know that? Once again, ladies and gentlemen, you can look at what Bryant Peay says. He says, ["]people don't realize that the money is in the country.["] Which is offensive since I'm from the country. But the money's in the country. Why? Because they're so stupid it's harder to get caught in the country. It's harder to get caught when you're no good and you're dealing drugs. It's harder to get caught in the country. And maybe that's where he made his first mistake. Not doing it in the country but doing it at the 76 Truck Stop. And then what does he say? ["]It's harder to get caught. Even now I'm looking for an escape route to escape. Because I'm up to no good. I'm dealing drugs. I've just given you $10,500. I've got powder cocaine. Nobody else but me, Bryant Peay.["] He didn't have a reasonable doubt and ladies and gentlemen, you shouldn't either.

Even if the prosecutor's comments were inappropriate, Peay did not object to these remarks during the prosecutor's argument. We realize the Supreme Court has held, even in the absence of a contemporaneous objection, a new trial should be granted in flagrant cases where a vicious,

inflammatory argument results in clear prejudice. *Toyota of Florence, Inc. v. Lynch,* 314 S.C. 251, 442 S.E. (2d) 611 (1994). However, in that opinion, the Supreme Court also stated it did not condone the failure to contemporaneously object, and described the circumstances in that case as "extraordinary." Furthermore, in *State v. Hudgins,* 319 S.C. 233, 460 S.E. (2d) 388 (1995), *cert. denied,* — U.S. —, 116 S.Ct. 821, 133 L.Ed. (2d) 764, 1995 WL 713013 (1996), the Supreme Court reaffirmed its rule that a contemporaneous objection and ruling at trial is required to preserve an error for review. Finally, the Supreme Court has made it clear that this Court may not address an issue which was not properly preserved for appeal. *See Hendrix v. Eastern Distribution, Inc.,* 320 S.C. 218, 464 S.E. (2d) 112 (1995) (the Supreme Court vacated this Court's opinion at 316 S.C. 34, 446 S.E. (2d) 440 (1994), to the extent the Supreme Court found we addressed an issue which was not preserved for review).

Accordingly, the judgment is

Affirmed.

HOWELL, C.J., and CURETON, J., concur.