486 S.E.2d 762

**STATE of South Carolina, Respondent,**

v.

**Larry BURTON, Appellant.**

No. 2668.

Court of Appeals of South Carolina.

Submitted May 6, 1997.

Decided June 2, 1997.

James H. Price and J. Falkner Wilkes, Greenville; South Carolina Office of Appellate Defense, Columbia, for Appellant.

Atty. Gen. Charles Molony Condon, Deputy Atty. Gen. John W. McIntosh, Asst. Deputy Atty. Gen. Salley W. Elliott, Asst. Atty. Gen. Caroline Callison Tiffin, Columbia; and Solicitor George M. Ducworth, Anderson, for Respondent.

ANDERSON, Judge.

Larry Burton (Burton) appeals his conviction for first degree criminal sexual conduct with a minor. We affirm.[1]

## *FACTS/PROCEDURAL BACKGROUND*

In June of 1988, Victim, nine years old at the time, was living with her parents and her sister in Anderson County, South Carolina. That month in 1988 and 1989, Victim's mother attended a three-day concert in Alabama. While her mother was away those two different times, Burton, Victim's father, touched her vagina with his hands and his penis. Further, Burton made Victim touch his penis with her hand and her body. He also made Victim put his penis in her mouth. This occurred approximately once a month from June 1, 1988, to June 30, 1989, when Victim's mother was working and Burton was home with Victim and her sister. It always happened during the day in Victim's parents' bedroom. Burton told Victim not to tell anyone.

Burton would tell Victim, "meet me in the bedroom." Burton would touch Victim inside and outside her clothing. Victim's mother was never at the house when the abuse occurred. However, her sister was sometimes there. While Burton abused her, Victim would "just lay there and cry sometimes."

Victim's parents divorced around 1989. After the divorce, Victim only saw Burton on special occasions. Around May of 1995, Burton began calling Victim and asking her if anyone was home with her. If she said no, Burton would go to Victim's house, where he would rub her legs. Additionally, Burton touched her between the legs and on her breasts.

---

1. Because oral argument would not aid the Court in resolving the issues, we decide this case without oral argument.

This always occurred on the couch in the living room. Victim testified without objection about the abuse by Burton in 1995. In early 1995, Victim told a friend, Neal Grzelecki, she had been sexually abused. She did not want Grzelecki to tell anyone.

According to Grzelecki, in May of 1995, Victim, who was crying, phoned him and told him she had been sexually abused. Although she asked him not to tell anyone, Grzelecki eventually told the police in October of 1995. On October 9, 1995, Victim was called to the office at her school. At that time, Victim was questioned by Detective Elsie Schrimp with the Anderson County Sheriff's Department and Charie Jenkins with the Department of Social Services concerning what she told Grzelecki. During the interview, Victim was crying and was very upset.

Jenkins, who was qualified as an expert witness in the field of child sexual abuse, testified Victim told her Burton fondled her genitals while her mother was at the concert in June and at other times. Jenkins recited the details of Victim's statement regarding the abuse.

The court conducted an *in camera* hearing to determine the admissibility of Victim's sister's testimony regarding similar acts of abuse by Burton. The State argued the evidence was admissible under the common scheme or plan exception to *State v. Lyle.*[2] The court overruled the motion of the defendant to suppress the testimony.

According to Victim's sister, "every couple of weeks or so" in 1989, prior to her parents' divorce, Burton would call her to his bedroom claiming he either needed help doing something or wanted to tell her something. When Victim's sister went to the bedroom, Burton would unbutton her pants and put his hands inside her clothes on her vagina. He would also unbutton his pants and have her rub his penis. This abuse usually occurred in the daytime when either Victim's sister was home alone or when Victim was also there. Their mother was never home when the abuse occurred. Burton told Victim's sister that if she told anyone about the abuse no one would believe her and she would get in trouble. He instructed

---

2. 125 S.C. 406, 118 S.E. 803 (1923).

her never to tell anyone. In early 1995, Burton began visiting Victim's sister at work and at home. However, Burton has not abused Victim's sister since 1989.

At trial, Burton moved for a directed verdict and a mistrial. Both motions were denied. Burton was convicted of first degree criminal sexual conduct with a minor and sentenced to thirty years.

## ISSUES

I. Did the trial court err in allowing a DSS worker to testify regarding statements made to her by Victim as to details of the abuse?

II. Did the trial court err in admitting testimony of a witness that Victim told him she was abused?

III. Did the trial court err in allowing testimony of Victim's sister under *State v. Lyle?*

## LAW/ANALYSIS

### I. Testimony of DSS Investigator

Burton contends the court erred in allowing Charie Jenkins, an investigator with DSS, to testify as to statements made to her by Victim regarding details of the abuse. He claims the testimony was hearsay and exceeded the time and place limitation for corroboration in a criminal sexual conduct case.

Burton did not object to Jenkins' testimony at trial. A contemporaneous objection is required at trial to preserve an issue for appellate review. *State v. Johnson,* 324 S.C. 38, 476 S.E.2d 681 (1996). The issue must be raised to and ruled on by the trial judge. *State v. Williams,* 303 S.C. 410, 401 S.E.2d 168 (1991). Failure to object when the evidence is offered constitutes a waiver of the right to object. *State v. Black,* 319 S.C. 515, 462 S.E.2d 311 (Ct.App.1995). An issue which is not properly preserved cannot be raised for the first time on appeal. *State v. Hoffman,* 312 S.C. 386, 440 S.E.2d 869 (1994). Thus, Burton is procedurally barred from raising this issue for the first time on appeal.

## II. Testimony of Grzelecki

Burton argues the court erred in admitting Neal Grzelecki's testimony regarding sexual abuse because it is hearsay, improper corroboration, and not relevant to the offense charged. Burton maintains the State failed to establish the proper foundation for the admission of Grzelecki's testimony.

Defense counsel objected to Grzelecki's testimony on the grounds that it was "hearsay, corroboration or otherwise." However, he did not state any further grounds for the objection. The court overruled the objection. Grzelecki then testified Victim "said she had been sexually abused." He did not testify as to any details about the abuse, identity of the perpetrator, or time or place of the abuse.

Burton did not argue at trial the testimony was not relevant or the State failed to establish a proper foundation. Concomitantly, these arguments are procedurally barred. A party cannot argue one ground at trial and another ground on appeal. *State v. Whipple*, 324 S.C. 43, 476 S.E.2d 683 (1996); *State v. Bailey*, 298 S.C. 1, 377 S.E.2d 581 (1989).

Furthermore, although the hearsay and corroboration grounds are preserved, any alleged error from the testimony was harmless. Details of prior bad act evidence not admissible under *Lyle* are deemed harmless beyond a reasonable doubt where they are minimal. *State v. Forney*, 321 S.C. 353, 468 S.E.2d 641 (1996). *See also State v. Parker*, 315 S.C. 230, 433 S.E.2d 831 (1993) (evidence of unrelated prior bad act is not reversible error where its admission was harmless beyond a reasonable doubt). Error is harmless where it could not reasonably have affected the result of the trial. *State v. Charping*, 313 S.C. 147, 437 S.E.2d 88 (1993). Convictions will not be set aside for insubstantial errors not affecting the result. *State v. Livingston*, 282 S.C. 1, 317 S.E.2d 129 (1984). *See also State v. Kelley*, 319 S.C. 173, 460 S.E.2d 368 (1995) (when guilt is conclusively proven by competent evidence, such that no other rational conclusion could be reached, this Court will not set aside conviction for insubstantial errors not affecting result).

Grzelecki did not identify the perpetrator, give any details as to the abuse, or exceed the time and place limitation of

*State v. Barrett.*[3]  The testimony was not corroborative of anything except that Victim said she was abused.  Therefore, any alleged error in allowing the testimony is harmless in light of other testimony.  Victim and Charie Jenkins testified without objection as to the details of the abuse.

## III.  Prior Bad Acts

Burton claims the trial court erred in allowing into evidence testimony by Victim's sister regarding instances of sexual misconduct by Burton with Victim's sister during the same period from 1988–89.  Further, Burton alleges error in regard to Victim testifying as to alleged abuse in 1995.  Specifically, Burton alleges the testimony violates *State v. Lyle*[4] and does not fall within one of the exceptions.

### a.  Victim's Sister's Testimony

■  After three witnesses testified, the court conducted an *in camera* hearing to determine the admissibility of Victim's sister's testimony.  Upon the conclusion of the *in camera* hearing, trial testimony was given by Detective Elsie Schrimp and Charie Jenkins.  After Jenkins' testimony, defense counsel requested a break, which the court granted.  Upon the jury's return, the court recessed for lunch.  After the lunch break, Victim's sister testified.

In *State v. Schumpert*, 312 S.C. 502, 435 S.E.2d 859 (1993), our Supreme Court discussed the effect of a ruling *in limine.* The Court explicated:

Although counsel raised this issue at the *in limine* hearing to determine the admissibility of corroborating evidence, he did not object when Strait actually testified.  A ruling *in limine* is not a final ruling on the admissibility of evidence. *State v. Floyd*, 295 S.C. 518, 369 S.E.2d 842 (1988).  Unless an objection is made at the time the evidence is offered and a final ruling made, the issue is not preserved for review. *Accord Bank v. N.C. Mut. Life Ins. Co.*, 186 S.C. 394, 195

3.  299 S.C. 485, 386 S.E.2d 242 (1989).

4.  125 S.C. 406, 118 S.E. 803 (1923).

S.E. 649 (1938) (objection to admissibility of evidence not considered on appeal absent final ruling by trial judge). *Schumpert,* 312 S.C. at 507, 435 S.E.2d at 862.

This Court addressed the issue in *State v. Moultrie,* 316 S.C. 547, 451 S.E.2d 34 (Ct.App.1994):

Moultrie first challenged, in a pretrial motion *in limine* made before Judge Hayes, the admission of "any evidence of prior crimes which did not result in any conviction." In arguing the motion, Moultrie focused entirely on Fabre's testimony concerning Moultrie's involvement since 1987 in the drug trade. Judge Hayes ruled the testimony would be admissible at trial to prove a common scheme.

To preserve this issue for appeal, Moultrie was not only required to raise it once again before the trial judge, Judge Howell, but also to obtain a ruling on the issue from the trial judge. *E.g., State v. Schumpert,* [312] S.C. [502], 435 S.E.2d 859 (1993).

*Moultrie,* 316 S.C. at 553–54, 451 S.E.2d at 38.

*State v. Mueller,* 319 S.C. 266, 460 S.E.2d 409 (Ct.App.1995) further edifies:

Generally, a motion *in limine* seeks a pretrial ruling preventing the disclosure of potentially prejudicial matter to the jury. *See State v. Floyd,* 295 S.C. 518, 369 S.E.2d 842 (1988); 15 S.C.Juris. *Appeal & Error* § 78 (1992). A ruling on the pretrial motion is preliminary, and is subject to change based on developments at trial. *Floyd,* 295 S.C. at 520, 369 S.E.2d at 843. Because the evidence developed during trial may warrant a change in the ruling, the losing party must renew his objection at trial when the evidence is presented in order to preserve the issue for appeal. *See State v. Schumpert,* [312] S.C. [502], 435 S.E.2d 859 (1993); *State v. Davis,* 309 S.C. 56, 419 S.E.2d 820 (Ct.App.1992).

In this case, Mueller's attorney sought a ruling on the admissibility of Mr. Mueller's prior convictions after the State rested its case, and immediately before calling Mr. Mueller, the first witness for the defense. Because no evidence was presented between the ruling and Mr. Mueller's testimony, there was no basis for the trial court to change its ruling. Thus, contrary to the State's argument, Mueller's motion was not a motion *in limine.* The trial

court's ruling in this instance was in no way preliminary, but to the contrary, was a final ruling. Accordingly, Mueller was not required to renew her objection to the admission of the testimony in order to preserve the issue for appeal. (footnote omitted).

*Mueller,* 319 S.C. at 268–69, 460 S.E.2d at 410.

In *State v. Peay,* 321 S.C. 405, 468 S.E.2d 669 (Ct.App.1996), the appellate entity explained:

On appeal, Peay claims the judge should have required the state to present the full context of the videotape, including the audio portion, so that Peay could have meaningful cross-examination concerning the tape. To begin with, the judge's ruling was made *in limine,* and was not final. Peay should have renewed his request when the tape was offered, as the judge may have changed his mind.

*Peay,* 321 S.C. at 409, 468 S.E.2d at 672.

Two witnesses, Detective Elsie Schrimp and Charie Jenkins, testified after the *in camera* hearing. The court then recessed for lunch. After the lunch break, Victim's sister testified. Because defense counsel did not object when Victim's sister testified, this issue is procedurally barred.

### b. Victim's Testimony

Victim testified as to sexual misconduct by Burton in 1995. This testimony was admitted without objection. Because Burton failed to object, he is barred from raising this issue on appeal. *See State v. Johnson,* 324 S.C. 38, 476 S.E.2d 681 (1996).

Victim's sister did not testify regarding the alleged abuse in 1995. Her testimony related solely to abuse which occurred from 1988–89.

### *CONCLUSION*

Accordingly, Burton's conviction is
**AFFIRMED.**

HOWELL, C.J., and GOOLSBY, J., concur.