FACTS

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT 
 SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED 
 BY RULE 239(d)(2), SCACR. 
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
William Charles Seich,       
Appellant.
 
 
 

Appeal From Spartanburg County
J. Derham Cole, Circuit Court Judge

Unpublished Opinion No. 2004-UP-192
Submitted December 8, 2003  Filed March 
 22, 2004

AFFIRMED

 
 
 
Assistant Appellate Defender Robert M. Dudek, of Columbia, 
 for Appellant.
Attorney General Henry Dargan McMaster; Chief Deputy Attorney 
 General John W. McIntosh; Assistant Deputy Attorney General Charles H. Richardson; 
 Senior Assistant Attorney General William Edgar Salter III, of Columbia; Solicitor 
 Harold W. Gowdy III, of Spartanburg; for Respondent.
 
 
 

PER CURIAM: William Charles Seich (Seich) 
 was found guilty of murder and sentenced to life imprisonment without parole.  
 Seich argues on appeal the circuit court erred by admitting into evidence a 
 bullet found at the unsecured crime scene nine days after the murder.  We affirm. 

FACTS
On October 28, 2001, a shooting incident took place 
 at the home of Patricia Parris (Parris) that resulted in her death.  According 
 to Parriss daughters, eleven year-old Deann Wilson (Deann) and fourteen year-old 
 Janice Wilson (Janice), Seich was drinking liquor when they arrived home that 
 evening with their mother.  Deann testified Parris and Seich began arguing and 
 Seich pushed Parris and pulled her by the hair.   Parris placed a call 
 to 911.   Deann testified she and Parris ran outside when Seich pulled 
 out a gun.  Janice was not able to exit the mobile home.   Janice testified 
 Seich pushed her back into the mobile home, causing her to fall on the floor.  
 Deann stated after she and Parris ran outside, the police pulled up and he 
 [Seich] shot Momma. 
When Officers Kevin Carper (Carper) 
 and Jeremy Soukup (Soukup) arrived at the scene, they observed Parris and 
 Seich on the front porch.  Soukup testified he heard two, sounded like a cannon 
 to me, shots at point blank range, which I mean is less than a foot, and Mrs. 
 Parris disappeared off that front porch.  Soukup said he and Carper 
 drew fire at Seich to protect Parris and Deann.  Soukup and Carper both testified 
 they did not fire their weapons until Seich fired his gun and they saw Parris 
 fall.  Officer Carper accidentally shot Janice when he was firing at 
 Seich.   Janice testified after she and Seich were shot, he started saying 
 he loved her and was sorry he shot Parris. 
The police used 9mm guns and Seich 
 used a .44 Magnum pistol.   When the SLED agents processed the crime scene on 
 the night of the shooting, they used a metal detector and found seventeen 9mm 
 cartridge casings outside.   Inside, they found Seichs gun with four unfired 
 bullets and two fired cartridge casings, a .44 caliber fired cartridge casing, 
 and a fired projectile.  They also found a spent projectile from a .44 caliber 
 weapon in the dishwasher of an adjacent mobile home. 
Nine days after the incident, one of the agents 
 returned to the scene, which had been unsecured since the shooting, and 
 found a spent .44 caliber bullet outside on the ground in the approximate location 
 where Parriss body had been dragged.  The State offered the bullet into 
 evidence, and Seich moved to exclude it.  The trial judge allowed the bullet 
 into evidence, but limited the applicable testimony to the fact it was found 
 at the scene.
Dr. David Wren, the pathologist who performed the 
 autopsy on Parris, testified Parris died from a single gunshot wound to the 
 chest and the injury to the chest was more likely caused by a .44 caliber weapon 
 than a 9mm weapon.    
The jury convicted Seich of murder 
 and the trial judge sentenced him to life imprisonment without parole.  Seich 
 appeals.
STANDARD OF REVIEW
This Court may not reverse the trial courts 
 ruling on the admissibility of evidence absent an abuse of discretion or the 
 commission of legal error that results in prejudice to the defendant. State 
 v. Gaster, 349 S.C. 545, 557, 564 S.E.2d 87, 93 (2002); State v. Adams, 
 354 S.C. 361, 377, 580 S.E.2d 785, 793 (Ct. App. 2003) (cert. pending).  
 An abuse of discretion occurs when the judges ruling has no evidentiary support.  
 State v. Manning, 329 S.C. 1, 7, 495 S.E.2d 191, 194 (1997).     
LAW/ANALYSIS
Seich argues the trial court erred 
 by admitting the bullet into evidence.  We find any error committed by the trial 
 court was harmless.
Seich contends the State failed to lay 
 a proper foundation to connect the bullet to the crime.  Furthermore, Seich 
 argues the introduction of the .44 caliber bullet invited speculation about 
 its connection to the shooting.    
Although it is troubling the bullet was found nine 
 days after the shooting, and from an unsecured crime scene, we find, even assuming 
 the trial court erred in allowing it into evidence, the error was harmless.  
 Error is harmless where it could not reasonably have affected the result of 
 the trial.  Adams, 354 S.C. at 380, 580 S.E.2d at 795; State v. Burton, 
 326 S.C. 605, 610, 486 S.E.2d 762, 764 (Ct. App. 1997).  Appellate courts will 
 not set aside convictions due to insubstantial errors not affecting the result.  
 State v. Sherard, 303 S.C. 172, 176, 399 S.E.2d 595, 597 (1991); State 
 v. Livingston, 282 S.C. 1, 6, 317 S.E.2d 129, 132 (1984).  An insubstantial 
 error not affecting the result of the trial is harmless where guilt has been 
 conclusively proven by competent evidence, such that no other rational conclusion 
 can be reached.  Adams, 354 S.C. at 380, 580 S.E.2d at 795 (quoting 
 State v. Bailey, 298 S.C. 1, 5, 377 S.E.2d 581, 584 (1989)).
Notwithstanding the admission of the bullet, the 
 State presented abundant evidence proving Seichs guilt.  For example, Deann 
 testified she saw Seich shoot her mother.   Janice also testified Seich 
 said he was sorry he shot her mother.  Officers Soukup and Carper testified 
 they did not begin firing until they saw Parris fall.   
In addition, the pathologists testimony regarding 
 the gunshot wounds provides evidence of Seichs guilt.  He testified the fatal 
 wound to Parriss chest was approximately .41 inches by .60 inches in diameter.  
 The diameter of a 9mm bullet is .354 inches, whereas the diameter of a .44 caliber 
 bullet is .44 inches.  Based on the size of Parriss wound, the pathologist 
 determined it was more likely caused by the larger .44 caliber bullet.   Because 
 Seich was using a .44 caliber weapon and the officers were using 9mm weapons, 
 the pathologists testimony is strong evidence proving Seichs guilt.
CONCLUSION
Based on the above evidence of Seichs guilt, we find 
 any error committed by the trial court in admitting the .44 caliber bullet into 
 evidence was harmless beyond a reasonable doubt.  Allowing the bullet into evidence 
 did not result in any prejudice to Seich.  Accordingly, the decision of the 
 trial judge is
AFFIRMED.
GOOLSBY and ANDERSON, JJ., and CURETON, AJ., concur.