THE STATE OF SOUTH CAROLINA

THIS OPINION HAS NO PRECEDENTIAL
VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The
State,        Respondent,
 
 
 

v.

 
 
 
Larry Dean McCluney,       
Appellant.
 
 
 

Appeal From Cherokee County
J. Cordell Maddox, Jr., Circuit Court Judge 

Unpublished Opinion No. 2005-UP-307
Submitted May 1, 2005  Filed May 6, 2005

AFFIRMED

 
 
 
Jack B. Swerling, of Columbia, for Appellant.
Attorney General Henry Dargan McMaster, Chief
Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson,  and Assistant Assistant Attorney General David Spencer, all of Columbia; and Solicitor Harold W. Gowdy, III, of Spartanburg, for Respondent.
 
 
 

PER CURIAM: Larry Dean McCluney was convicted of trafficking in more than 400 grams of cocaine. The trial judge sentenced McCluney to twenty-five years imprisonment and a $200,000 fine. On appeal he contends the trial judge erred in (1) refusing to permit cross-examination of a witness, (2) refusing to grant him a directed verdict where he was charged with trafficking in cocaine and the evidence showed the cocaine was imitation, and (3) sustaining the States objection to a question to a witness on the grounds of hearsay. The previous opinion of this court, State v. McCluney­,  Opinion No. 3742, filed February 2, 2004 reversed the decision of the trial court holding that, because McCluney was in possession of imitation cocaine, he was improperly indicted under the trafficking statute. On certiorari to the South Carolina  Supreme Court, our decision was reversed with that court holding the gravemen of the crime for which McCluney was charged was conspiring and attempting to purchase ten grams or more of real cocaine [which] constitutes trafficking. State v. McCluney, Opinion No. 25909 at p. 32 (Shearouse Advance Sheet No. 48, filed December 13, 2004). Thus, the directed verdict issue based on imitation cocaine is now moot.
We affirm the remaining two issues pursuant to Rule 220(b)(2), SCACR, and the following authorities: State v. Nichols, 325 S.C. 111, 481 S.E.2d 118 (1997) (holding an objection to the admission of evidence must be specifically stated to preserve an issue for appeal); State v. Roper, 274 S.C. 14, 20, 260 S.E.2d 705 (1979 (It is well settled that a reviewing court may not consider error alleged in [the] exclusion of testimony unless the record on appeal shows fairly what the rejected testimony would have been)  State v. Smith, 315 S.C. 547, 446 S.E.2d 411 (1994) (a violation of the right to confrontation is not per se reversible error but is subject to a harmless error analysis); State v. Burton, 326 S.C. 605, 486 S.E.2d 762 (Ct. App. 1997) (error is harmless where it could not reasonably have affected the result of the trial); 89 C.J.S. Trial, section 661, at 504 (1995) (The erroneous admission of evidence may be waived by some affirmative act done after the ruling on the admission of the evidence which amounts to an express or implied assent to the reception of the evidence or by acts or statements inconsistent with objections previously urged.). 
AFFIRMED.
GOOLSBY, ANDERSON, JJ, and CURETON, AJ., concur.