THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
v.
William D. Workman, Appellant.
 
 
 

Appeal From Greenville County
 C. Victor Pyle, Jr., Circuit Court Judge

Unpublished Opinion No. 2005-UP-640
Submitted December 1, 2005  Filed December 15, 2005   

AFFIRMED

 
 
 
Assistant Appellate Defender Tara S. Taggart, of Columbia, for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, 
Assistant Attorney General David A. Spencer, all of Columbia; and Solicitor Robert M. Ariail, of Greenville, for Respondent.
 
 
 

PER CURIAM:  Douglas Wannemacher, an officer of the Greenville County Sheriffs Department, was on patrol in a marked car when he encountered appellant William Workman in the parking lot of an Economy Inn.  Workman had a strong alcoholic odor about his person and breath, and his eyes were glassy and bloodshot.  Wannemacher asked Workman where he was coming from.  Workman responded in a loud and slurred manner: I just got off.  Why the f**k are you harassing me?  I know Im black.  
Wannemacher arrested Workman for public disorderly conduct because Workman was grossly intoxicated in a public place and loudly using profanity.  Wannemacher observed Workman spit out what turned out to be cocaine and crack cocaine in the parking lot of the Greenville County Detention Center.  Workman argues the trial court erred by denying his motion to suppress this evidence, allegedly obtained in violation of the Fourth Amendment.  
Affirmed pursuant to Rule 220(b)(2), SCACR, and the following authorities:  State v. Missouri, 361 S.C. 107, 603 S.E.2d 594  (2004) (stating an appellate court must affirm the trial judges ruling if there is any evidence to support the ruling when reviewing a Fourth Amendment search and seizure case; the appellate court will reverse only when there is clear error);
State v. Burton, 326 S.C. 605, 486 S.E.2d 762 (Ct. App. 1997) (noting an in limine ruling is not final and does not preserve the issue for appeal); State v. Forrester, 343 S.C. 637, 541 S.E.2d 837 (2001) (stating a motion in limine to exclude evidence at the beginning of trial does not preserve an issue for review because a motion in limine is not a final determination; the moving party must make a contemporaneous objection when the evidence is introduced unless the ruling was immediately prior to the introduction of the evidence in question); State v. Floyd, 295 S.C. 518, 369 S.E.2d 842 (1988) (holding a ruling on a motion in limine remains subject to change based upon developments during trial).
AFFIRMED.[1]
GOOLSBY, ANDERSON, and SHORT, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.