THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Anthony Janirus Robinson, Appellant.

Appellate Case No. 2015-000605

Appeal From Charleston County
Kristi Lea Harrington, Circuit Court Judge

Unpublished Opinion No. 2017-UP-437
Submitted September 1, 2017 – Filed November 22, 2017

**AFFIRMED**

Ronald G. Tate, Jr., of Gallivan, White & Boyd, PA, of Greenville, and Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Special Assistant Attorney General Amie L. Clifford, both of Columbia, and Solicitor Scarlett Anne Wilson, of Charleston, for Respondent.

**PER CURIAM:**  In this criminal appeal, Anthony Janirus Robinson appeals his conviction of simple possession of cocaine.  Robinson asserts the circuit court

erred in admitting evidence seized from a vehicle pursuant to an inventory search when no evidence existed to establish the standard police procedures for an inventory search and the vehicle was not taken into police custody. Additionally, Robinson asserts that, even if the inventory search was justified, the police exceeded the scope of the search by searching the pockets of the inventoried jacket where the alleged contraband was found.

We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Simpson*, 325 S.C. 37, 42, 479 S.E.2d 57, 60 (1996) ("A ruling in limine is not a final ruling on the admissibility of evidence."); *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [circuit court] to be preserved for appellate review."); *State v. McCray*, 332 S.C. 536, 542, 506 S.E.2d 301, 303 (1998) (finding an argument unpreserved because a party cannot argue one ground at trial and another ground on appeal); *State v. Carlson*, 363 S.C. 586, 595, 611 S.E.2d 283, 287 (Ct. App. 2005) (finding that a defendant must make a contemporaneous objection at trial to preserve issues for direct appellate review); *State v. Burton*, 326 S.C. 605, 609, 486 S.E.2d 762, 764 (Ct. App. 1997) ("Failure to object when the evidence is offered constitutes a waiver of the right to object.").

**AFFIRMED.**[1]

**WILLIAMS, THOMAS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.