### 22882

The STATE, Respondent v. Terri Raye FLOYD, Appellant.
(369 S. E. (2d) 842)

Supreme Court

*John J. Stathakis, William C. Hood* of *Lowery, Hood & Thompson,* Anderson, and *S. C. Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Norman Mark Rapoport,* Columbia, and *Sol. George M. Ducworth,* Anderson, *for respondent.*

Heard May 16, 1988.

Decided June 27, 1988.

CHANDLER, Justice:

Appellant Terri Raye Floyd (Floyd) was charged with having intentionally immersed her eight-month-old daughter, Nicole, in a tub of scalding water. She appeals her conviction for aggravated assault and battery. State appeals the order settling the record.

We affirm the conviction and dismiss, as moot, the State's appeal.

## FACTS

Prior to trial, Floyd, at an *in limine* hearing, advised the court that the State would likely cross-examine two of her

witnesses, Ralph and Janice Marcum, about matters reflecting adversely upon their credibility. Specifically, it was anticipated that the State would reveal that the Department of Social Services (DSS) had found it necessary to remove from custody of the Marcums two of their minor children.

The trial judge ruled that the State could elicit from these witnesses the fact of bad blood, but would not be permitted to interrogate them as to "what led up to it."

At trial, Janice Marcum denied on cross-examination any animosity toward a DSS investigator who, in fact, had signed petitions for removal of the two children. Thereafter, the court, upon request of the solicitor, permitted cross-examination of Marcum as to details which allegedly would establish the animosity.

## ISSUE

The single issue is whether the *in limine* ruling was violated when the trial court permitted cross-examination of the witness Marcum.

## DISCUSSION

In the absence of any precedent by this Court on *in limine* motions, we turn to the decisions of other state jurisdictions.

The purpose of a motion *in limine* is to prevent disclosure of potentially prejudicial matter to the jury. *Lagenour v. State*, 268 Ind. 441, 376 N.E. (2d) 475 (1978); *State v. Johnson*, 183 N.W. (2d) 194 (Iowa 1971); *see also Annot.*, 63 A. L. R. (3d) 311 (1975). A ruling on the motion is not the ultimate disposition on the admissibility of evidence. It remains subject to change based upon developments during trial. *See, e.g., Wiley v. State*, 516 So. (2d) 812 (Ala. Crim. App. 1986), *rev'd on other grounds*, 516 So. (2d) 816 (Ala. 1987); *Blackburn v. State*, 314 So. (2d) 634 (Fla. Dist. Ct. App. 1975); *State v. Riggs*, 586 S.W. (2d) 447 (Mo. App. 1979); *State v. Spahr*, 47 Ohio App. (2d) 221, 353 N.E. (2d) 624 (1976).

We agree with the foregoing authorities that rulings *in limine* do not constitute final determinations on admissibility of evidence.

Additionally, here the trial court's *in limine* ruling, which limited the cross-examination, was granted upon the premise that the witness Marcum's ani-

mosity toward DSS was conceded. The denial by Marcum of any animosity constituted surprise, for which the State was then entitled to pursue the details of the animosity upon the independent question of her credibility as a witness. Under the facts and circumstances, there was no breach by the trial court of its *in limine* ruling.

The peril of *in limine* proceedings is graphically illustrated by this case. Trial judges must not be held, conclusively, to preliminary rulings made without benefit of all the pertinent and relevant evidence. We caution Bench and Bar that these pretrial motions are granted to prevent prejudicial matter from being revealed to the jury, but do not constitute final rulings on the admissibility of evidence.

Our disposition of Floyd's appeal renders moot the State's appeal of the order settling the record. *Prevost v. Post*, 172 S. C. 228, 173 S. E. 628 (1934).

Affirmed.

GREGORY, C. J., and HARWELL, FINNEY and TOAL, JJ., concur.