608 S.E.2d 435

The STATE, Respondent,

v.

John Richard WOOD, Appellant.

No. 3900.

Court of Appeals of South Carolina.

Heard Nov. 9, 2004.
Decided Dec. 6, 2004.
Rehearing Denied Feb. 16, 2005.

Assistant Appellate Defender Robert M. Dudek, of Columbia, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Special Assistant Attorney General Amie L. Clifford, all of Columbia; and Solicitor Druanne D. White, of Anderson, for Respondent.

ANDERSON, J.:

In this criminal case, John Richard Wood argues the trial court erred by admitting evidence Wood shot and killed a state trooper shortly before committing the crimes involved in this appeal. We affirm.

### FACTUAL/PROCEDURAL BACKGROUND

Wood was indicted for criminal conspiracy, failure to stop when signaled by a law enforcement vehicle, resisting arrest with a deadly weapon, armed robbery, two counts of possession of a firearm or knife during commission of or attempt to commit a violent crime, four counts of assault with intent to kill, and three counts of assault and battery with intent to kill.

Immediately prior to the beginning of trial and outside the presence of the jury, the State moved for permission to introduce evidence at trial that Wood fatally shot a state trooper. The shooting occurred one to two hours before Wood committed the acts for which he was charged in the instant case. The evidence consisted of the testimony of Terry and Debra Wheeler and a 911 telephone call. The Wheelers witnessed a traffic stop, heard shots, and then saw a red moped weaving in and out of traffic. They followed the moped and saw Wood abandon the moped and get into a Jeep. The Wheelers followed the Jeep long enough to view the license plate number and made a 911 call with information about Wood and the Jeep. Based in part on the Wheelers' information, police officers attempted to apprehend Wood. Wood failed to stop when signaled by a law enforcement vehicle. A high-speed chase ensued during which Wood shot at police officers.

Wood objected to the admission of the evidence on the ground it was irrelevant under Rule 401, SCRE, and, even if relevant, unduly prejudicial under Rule 403, SCRE. The State argued the evidence was admissible as part of the res gestae and to show motive, existence of common scheme or plan, identity, absence of mistake or accident, and intent under Rule 404(b), SCRE and *State v. Lyle*, 125 S.C. 406, 118 S.E. 803 (1923).

The trial judge found: "It's my judgment that the evidence from Greenville which the State seeks to admit is probably admissible as part of the res gestae and also under 404(b) as to the issue of intent." The judge further ruled:

However, based on the arguments that have been presented, I'm going to approach this matter cautiously and limit the State's use of the so-called Greenville evidence, at least initially. The State certainly should not be foreclosed from explaining to the jury some limited basis of what precipitated the stop or attempted stop in Anderson County.

At this time I will permit the State's witnesses to testify to observing, perhaps hearing **an incident** in Greenville involving an individual on a motorcycle or moped, however it is described, and that as a result an individual in the vehicle was followed, eventually to the rear of the Greenville Gymnastics Center, where the individual was picked up by a female in a jeep. Testimony would then permit the actual following of the jeep and reporting the tag number of the jeep to 911.

Anderson law enforcement would then be permitted to explain the fact that officers were alerted to the fact and looking for a jeep with a specific tag number which was registered to an individual, who can be identified, to an Anderson address as a result of **an incident** in Greenville.

At least initially, I want to proceed on the basis that there will not be a reference to the shooting death of a state trooper in Greenville. And I fully recognize in restricting the State in this regard, that events may develop during the course of the trial. For example, if the issue of identity becomes a bonafide issue, there may be issues of defenses which are raised. There may be requests for lesser-included offenses. And the list goes on. Any of which may well

require a broadening of the admissibility of the Greenville evidence.

But at least initially, I'm going to restrict the State to the parameters I have outlined. If there's any need for clarification of that, I'll be glad to respond.

(Emphasis added).

In response to the judge's ruling, the Solicitor stated: "Your Honor, so in other words, we will not be playing the 911 tape where they say, we heard shots. We're just going to say **an incident.** Is that right? I've got, I think, all my witnesses in here. I just want to clarify it for everybody before we begin the testimony." (Emphasis added). The judge declared: "Yes, that's correct." Reference to the murder of the state trooper was prohibited. The shooting was referred to as an "incident" throughout the trial.

The jury found Wood guilty of criminal conspiracy, failure to stop when signaled by a law enforcement vehicle, resisting arrest with a deadly weapon, armed robbery, two counts of possession of a firearm or knife during commission of or attempt to commit a violent crime, five counts of assault with intent to kill, one count of assault and battery with intent to kill, and one count of assault and battery of a high and aggravated nature. He received a sentence of 138 years imprisonment.

### STANDARD OF REVIEW

In criminal cases, the appellate court sits to review errors of law only. *State v. Wilson,* 345 S.C. 1, 545 S.E.2d 827 (2001); *State v. Mattison,* 352 S.C. 577, 575 S.E.2d 852 (Ct. App.2003). This Court is bound by the trial court's factual findings unless they are clearly erroneous. *State v. Quattlebaum,* 338 S.C. 441, 527 S.E.2d 105 (2000). This same standard of review applies to preliminary factual findings in determining the admissibility of certain evidence in criminal cases. *Wilson,* 345 S.C. at 6, 545 S.E.2d at 829; *State v. Bowie,* 360 S.C. 210, 600 S.E.2d 112 (Ct.App.2004). The appellate court does not re-evaluate the facts based on its own view of the preponderance of the evidence, but simply determines whether the trial judge's ruling is supported by any evidence. *Mattison,* 352 S.C. at 583, 575 S.E.2d at 855.

■ If there is any evidence to support the admission of bad act evidence, the trial court's ruling will not be disturbed on appeal. *State v. Gillian,* 360 S.C. 433, 602 S.E.2d 62 (Ct.App.2004); *State v. Pagan,* 357 S.C. 132, 591 S.E.2d 646 (Ct.App.2004).

### *LAW/ANALYSIS*

Wood argues the trial court "erred by refusing to exclude evidence about a Greenville 'incident' since it was not necessary to the jury's consideration of the Anderson County charges. Even if the Greenville incident was relevant, its probative value was substantially outweighed by its prejudicial effect under Rule 403, SCRE, and it should have been excluded on that basis." We disagree.

### I.  Issue Preservation

■ Initially, we address whether this issue is preserved for review. Wood made a motion *in limine* to suppress evidence relating to the murder of the state trooper, but failed to make an objection when the evidence was actually presented.

■ In most cases, making a motion *in limine* to exclude evidence at the beginning of trial does not preserve an issue for review because a motion *in limine* is not a final determination. *State v. Forrester,* 343 S.C. 637, 541 S.E.2d 837 (2001); *State v. King,* 349 S.C. 142, 561 S.E.2d 640 (Ct.App.2002). Thus, the moving party must make a contemporaneous objection when the evidence is introduced. *Id.; see also State v. Mitchell,* 330 S.C. 189, 193 n. 3, 498 S.E.2d 642, 644 n. 3 (1998) ("We have consistently held a ruling *in limine* is not final, and unless an objection is made at the time the evidence is offered and a final ruling procured, the issue is not preserved for review.") (citation omitted); *State v. Floyd,* 295 S.C. 518, 521, 369 S.E.2d 842, 843 (1988) ("We caution Bench and Bar that these pre-trial motions are granted to prevent prejudicial matter from being revealed to the jury, but do not constitute final rulings on the admissibility of evidence.").

■ "However, where a judge makes a ruling on the admission of evidence on the record immediately prior to the introduction of the evidence in question, the aggrieved party

does not need to renew the objection." *Forrester,* 343 S.C. at 642, 541 S.E.2d at 840. This court expounded:

Because no evidence was presented between the ruling and [the] testimony, there was no basis for the trial court to change its ruling. Thus, ... [the] motion was not a motion *in limine.* The trial court's ruling in this instance was in no way preliminary, but to the contrary, was a final ruling. Accordingly, [the defendant] was not required to renew her objection to the admission of the testimony in order to preserve the issue for appeal.

*State v. Mueller,* 319 S.C. 266, 268–69, 460 S.E.2d 409, 410–11 (Ct.App.1995) (footnote omitted); *see also State v. Burton,* 326 S.C. 605, 486 S.E.2d 762 (Ct.App.1997) (noting the general rule that a court's ruling on *in limine* motion is not a final decision, but applying *State v. Mueller* and holding that where objection is made during trial and there are no intervening witnesses before the disputed testimony, the decision is final and the objection need not be renewed).

In the case *sub judice,* the State presented the Wheelers' testimony at the beginning of trial, immediately after the judge ruled on the issue. Therefore, the motion was not a motion *in limine* but a final ruling. Consequently, the issue may be reviewed on appeal because Wood was not required to make an objection when the evidence was admitted. *See King,* 349 S.C. at 149, 561 S.E.2d at 643.

## II. Res Gestae

Evidence of bad acts or other crimes may be admitted under the res gestae theory:

One of the accepted bases for the admissibility of evidence of other crimes arises when such evidence "furnishes part of the context of the crime" or is necessary to a "full presentation" of the case, or is so intimately connected with and explanatory of the crime charged against the defendant and is so much a part of the setting of the case and its "environment" that its proof is appropriate in order "to complete the story of the crime on trial by proving its immediate context or the 'res gestae' " or the "uncharged offense is 'so linked together in point of time and circumstances with the crime charged that one cannot be fully shown without proving the other ...' [and is thus] part of

the res gestae of the crime charged." And where evidence is admissible to provide this "full presentation" of the offense, "[t]here is no reason to fragmentize the event under inquiry" by suppressing parts of the "res gestae."

*State v. Adams*, 322 S.C. 114, 122, 470 S.E.2d 366, 370–71 (1996) (quoting *United States v. Masters*, 622 F.2d 83, 86 (4th Cir.1980)). The res gestae theory recognizes that evidence of other bad acts may be an integral part of the crime with which the defendant is charged or may be needed to aid the fact finder in understanding the context in which the crime occurred. *State v. Owens*, 346 S.C. 637, 552 S.E.2d 745 (2001); *State v. Gillian*, 360 S.C. 433, 602 S.E.2d 62 (Ct.App.2004); *State v. Adams*, 354 S.C. 361, 580 S.E.2d 785 (Ct.App.2003). Under this theory, it is important that the temporal proximity of the prior bad act be closely related to the charged crime. *State v. Hough*, 325 S.C. 88, 480 S.E.2d 77 (1997). Even if the evidence is relevant under this theory, prior to admission the trial judge should determine whether its probative value clearly outweighs any unfair prejudice. Rule 403, SCRE; *State v. Bolden*, 303 S.C. 41, 398 S.E.2d 494 (1990).

The evidence was properly admitted under the res gestae theory. *See Adams*, 322 S.C. at 122, 470 S.E.2d at 370–71. Admission of the testimony was necessary and relevant to a full presentation of the evidence in this case. The "incident" provided the context and motivation for the crimes at issue. The testimony regarding the "incident" was relevant to show the complete, whole, unfragmented story regarding Wood's crimes. *See State v. Simmons*, 352 S.C. 342, 573 S.E.2d 856 (Ct.App.2002). The Wheelers' testimony elucidates both the reason police pursued the Jeep and the reason Wood shot at, harmed, and threatened the officers who attempted to apprehend him. Furthermore, the crimes were temporally related. The shooting took place only two hours before the occurrence at issue. The two crimes comprise part of the same episode. The crimes are so concatenated as to be inextricably intertwined. *See Adams*, 322 S.C. at 122, 470 S.E.2d at 371 ("The use of the cocaine here was inextricably intertwined with the robbery and murder. Under these circumstances, such evidence was properly admitted as part of the *res gestae* of the crime."). Indubitably, the murder of a state trooper was part of the res gestae of the second crimes because it explains why

Wood evaded capture at all costs. Moreover, the probative value of the evidence outweighed its prejudicial effect. *See Owens,* 346 S.C. at 653, 552 S.E.2d at 753.

Because we dispose of this issue under a res gestae analysis, we do *NOT* reach the *Lyle*/Rule 404(b) argument.

## *CONCLUSION*

The trial judge engaged in a cathartic evidentiary ruling by **NOT** referring to a "murder of a highway patrolman," but in a pristine and salutary etymological endeavor, utilizing the term "incident." The testimony describing the "incident" is admissible under the res gestae theory. Accordingly, the convictions and sentences of Wood are

**AFFIRMED.**

STILWELL and SHORT, JJ., concur.