THE STATE OF SOUTH CAROLINA

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State, Respondent,
v.
Kevin Chance Hollis, Appellant.
 
 
 

Appeal from Spartanburg County
Roger L. Couch, Circuit Court Judge

Unpublished Opinion No. 2007-UP-106
Submitted March 1, 2007  Filed March 6, 2007

AFFIRMED

 
 
 
Appellate Defender Aileen P. Clare, of Columbia, for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General Shawn L. Reeves, all of Columbia; and Solicitor Harold W. Gowdy, III, of Spartanburg, for Respondent.
 
 
 

PER CURIUM:  Hollis appeals his conviction for malicious injury to personal property, unlawfully carrying a pistol, and discharging a firearm into a dwelling.  Hollis contends the trial judge erred in denying his motion to suppress witness identifications.  We affirm.[1]
Facts
In the early morning hours of March 22, 2003, security officer Robert Moore, who was working in the parking lot of Club Matrix, escorted two men to their car and asked them to leave the premises.  Moore was with the men for about four to six minutes.  He observed the men closely so that he could recognize them in the event they attempted to return to the club.  As they were leaving, one of the men began shooting at the club.  The shooting continued as the men sped away.  Approximately three and one-half hours after the shooting, Moore identified Hollis as one of the two men he had escorted from the club.  Additionally, Moore identified the vehicle as the one involved in the incident.  Moore later testified he was one hundred percent certain of his identification.
Hollis was arrested and charged with malicious injury to personal property, unlawfully carrying a pistol, and discharging a firearm into a dwelling.  At Holliss trial Moore again identified Hollis as the man he escorted to the vehicle the night of the shooting.  Defense counsel moved to suppress both of Moores identifications.  The trial judge denied the motion. 
Officers recovered spent nine-millimeter shell casings from the roadway near Club Matrix.  Inside the vehicle officers found unspent nine-millimeter bullets, spent nine-millimeter shell cases, and a box that held nine-millimeter bullets.  A firearms expert testified the spent shell casings found at the crime scene and inside the vehicle were fired by a handgun found on Hollis at the time of his arrest.  Elements consistent with gunshot residue were found on the palm and back of Holliss left hand.  Possible gunshot residue was found on the palm and back of Holliss right hand.  
The jury found Hollis guilty on all charges and the trial judge sentenced him to concurrent terms of confinement totaling ten years, suspended to eight years confinement and eight years probation.  
Standard of Review
In criminal cases, the appellate court sits to review errors of law only.  State v. Baccus, 367 S.C. 41, 625 S.E.2d 216 (2006); State v. Wood, 362 S.C. 520, 608 S.E.2d 435 (Ct. App. 2004).  On appeal, we are limited to determining whether the trial judge abused his discretion.  State v. Reed, 332 S.C. 35, 503 S.E.2d 747 (1998); State v. Walker, 366 S.C. 643, 623 S.E.2d 122 (Ct. App. 2005).  This same standard of review applies to preliminary factual findings in determining the admissibility of certain evidence in criminal cases.  State v. Wilson, 345 S.C. 1, 545 S.E.2d 827 (2001).  The appellate court does not re-evaluate the facts based on its own view of the preponderance of the evidence but simply determines whether the trial judges ruling is supported by any evidence.  Id.  In order for an error of law to warrant reversal, the error must result in prejudice to the appellant.  State v. Patterson, 367 S.C. 219, 625 S.E.2d 239 (Ct. App. 2006); see State v. Beck, 342 S.C. 129, 536 S.E.2d 679 (2000).
Discussion
Hollis argues the trial judge erred in denying his motion to suppress the unreliable witness identifications.  We disagree.
Generally, the decision to admit eyewitness identifications is in the trial judges discretion and will not be disturbed on appeal absent an abuse of that discretion or the commission of prejudicial legal error.  State v. Brown, 356 S.C. 496, 589 S.E.2d 781 (Ct. App. 2003) (citing State v. Moore, 343 S.C. 282, 540 S.E.2d 445 (2000)).  However, a criminal defendant may be deprived of due process of law by an identification procedure that is unnecessarily suggestive.  Id. (citing State v. Patterson, 337 S.C. 215, 522 S.E.2d 845 (Ct. App. 1999)).  While a showup in which a witness views a single suspect is generally suggestive, and hence suspect or disfavored, and less preferable than a lineup, even if requested by accused, a showup may be proper in some circumstances.  Brown, 356 S.C. at 503, 589 S.E.2d at 785 (quoting State v. Mansfield, 343 S.C. 66, 78, 538 S.E.2d 257, 263 (Ct. App. 2000) (internal citations omitted)); see also Neil v. Biggers, 409 U.S. 188 (1972); State v. Blassingame, 338 S.C. 240, 525 S.E.2d 535 (Ct. App. 1999)).  
It is well settled that reliability is the linchpin in determining the admissibility of identifications and suggestiveness alone does not mandate the exclusion of evidence.  Brown, 356 S.C. at 504, 589 S.E.2d at 785 (citing Manson v. Brathwaite, 432 U.S. 98 (1977); State v. Stewart, 275 S.C. 447, 272 S.E.2d 628 (1980); Blassingame, 338 S.C. at 251, 525 S.E.2d at 541); Patterson, 337 S.C. at 229, 522 S.E.2d at 852).  To determine whether an identification is reliable, it is necessary to consider the following factors: (1) the opportunity of the witness to view the criminal at the time of the crime; (2) the witnesss degree of attention; (3) the accuracy of the witnesss prior description of the criminal; (4) the level of certainty demonstrated by the witness at the confrontation; and (5) the amount of time between the crime and the confrontation.  Id.  (citing Mansfield, 343 S.C. at 78-79, 538 S.E.2d at 263); Biggers, 409 U.S. at 199-200).  The corrupting effect of a suggestive identification is to be weighed against these factors. See Mansfield, 343 S.C. at 79, 538 S.E.2d at 263.  After the trial judge determines the witnesss identification is reliable, the witness is permitted to testify before the jury.  Id.
Notwithstanding the generally suggestive nature of the identification procedure employed by police in this case, Moores identification of Hollis was reliable in light of the totality of the circumstances.  The following excerpt from the record indicates the trial judge considered the relevant factors in determining the reliability of Moores identification:

The factors being considered by this court to determine whether or not the identification in this case is reliable include the witness opportunity to view the subject at the time of the events, the degree of attention paid by the witness to the individual being identified, the accuracy of the witness prior description of the criminal, the witness level of certainty at the time of the actual confrontation, and the length of time between the crime and the confrontation. . . .
In this case the witness testified that he had an excellent opportunity to view the individual that he was attempting to identify.  Because of the circumstances of their initial confrontation, he stated that he paid closer attention to these individuals than normal.  He said that he got a good idea of what they were wearing, as well as their person.  He saw them on that occasion and then say the individual again while being fired upon.  And certainly those circumstances would cause someone to pay very close attention to what was going on at that time. 
The show-up identification, he stated that his certainty of his identification at one hundred percent at that time.  And certainly that indicates that he felt very strongly concerning his identification as being correct and independent at that time. 

The witness had an extended opportunity to view Hollis while escorting him from Club Matrix, he paid close attention in the event Hollis attempted re-entry into the club, he generally described the men to the authorities, he testified he was one hundred percent certain that he made the correct identification, and he identified Hollis within approximately three and one-half hours after the shooting incident.  The trial judge concluded the reliability factors weighed in favor of allowing Moores identification testimony.  We discern no abuse of discretion in the trial judges ruling. 
Alternatively, we consider any error in the trial judges conclusion concerning the identification harmless.  No definite rule of law governs finding an error harmless; rather, the materiality and prejudicial character of the error must be determined from its relationship to the entire case.  State v. Reeves, 301 S.C. 191, 391 S.E.2d 241 (1990); State v. Curry, 370 S.C. 674, 636 S.E.2d 649 (Ct. App. 2006)).  Whether an error is harmless depends on the particular facts of each case.  State v. Mizzell, 349 S.C. 326, 333, 563 S.E.2d 315, 318-19 (2002) (quoting Delaware v. Van Arsdall, 475 U.S. 673, 684 (1986)).  [T]he reviewing court must review the entire record to determine what effect the error had on the verdict.  Mizzell, 349 S.C. at 334, 563 S.E.2d at 319 (internal quotations omitted).  Error is harmless where it could not reasonably have affected the result of the trial.  In re Harvey, 355 S.C. 53, 584 S.E.2d 893 (2003).  When guilt is conclusively proven by competent evidence, such that no other rational conclusion could be reached, this court will not set aside conviction for insubstantial errors not affecting result.  State v. Kelley, 319 S.C. 173, 460 S.E.2d 368 (1995).
The in-court identification of Hollis was cumulative to the evidence presented at trial.  Hollis was apprehended near Club Matrix shortly after the shooting.  He was carrying the pistol that was later found to be the one used in the shooting, and he had gunshot residue on one of his hands.  The vehicle the suspects fled in contained spent shell cases that had been fired by the handgun found on Hollis at the time of his arrest.
Accordingly, Holliss conviction is affirmed.
 ANDERSON , KITTREDGE, AND SHORT, JJ., concur. 

[1]  We decide this case without oral argument pursuant to Rule 215, SCACR.