THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent, 
 
 v.
 Joshua Greer, Appellant.
 
 
 

Appeal from Spartanburg County
Wyatt T. Saunders, Jr., Circuit Court Judge
Unpublished Opinion No. 2007-UP-512
Submitted November 1, 2007  Filed November 7, 2007

AFFIRMED

 
 
 
 Chief Attorney Joseph L. Savitz, III, of South Carolina Commission on Indigent Defense,
 Division of Appellate Defense, of Columbia, for
 Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka,
 Assistant Attorney General Melody J. Brown, all of Columbia; and Solicitor
 Harold W. Gowdy, III, of Spartanburg, for Respondent.
 
 
 

PER
 CURIAM:  Joshua Greer (Greer) appeals
 from his convictions of murder and armed robbery.  He contends the trial court
 erred in excluding third-party guilt evidence.  We affirm.[1]
FACTS
In
 the early morning hours of August 20, 2002, Paul Doc Reagan (Reagan) was
 beaten and robbed in his home.  Eleven days later, he died from his injuries,
 never regaining consciousness.  After being confronted with the inconsistencies
 in his first statement, Greer confessed to Reagans murder.
In his opening
 statement, defense counsel maintained:  Now, Im sure the State is going to
 disagree with me with what Im going to say but I believe there are two people
 who knew what happened in that house on that night and neither one of them are
 in this courtroom.  The State anticipated that Greer would attempt to cast
 doubt on his own guilt by directing suspicion toward William Frank Butch
 Green (Green), a witness at trial.  The State moved, in limine, for the
 exclusion of any third-party guilt evidence Greer might proffer.  

 The trial judge
 granted the States motion, stating:
 The
 record will show that counsel for the State and the defendant came into
 chambers and the State has prepared a motion in limine as to third-party
 guilt.  That was not studied by the Court but discussed fairly extensively by
 all parties present.  The conclusion was that counsel for the defense will be
 prohibited from casting doubt upon the guilt of his client simply by pointing
 to third party guilt by such inferences or presumptions that may arise out of
 the evidence but that only cause a suspicion by conjecture or speculation that
 the commission of the crime was by another person.  That will not be
 permitted.  That has not been revealed, nothing of that nature has been
 revealed to the State.
 It was
 the Courts understanding and counsel I believe has a clear understanding that
 there is nothing to prevent a complete exploration of the facts as they were
 revealed to you and will be revealed during the testimony but your
 cross-examination will not attempt to point to the guilt of another but simply
 point out facts at [sic] they may be.

Defense counsel agreed
 with the courts ruling, responding:  Yes, sir, in order for the jury to get a
 full understanding of the work that was done by the police on this case.  When
 the judge inquired if the defense wanted to say anything else before the jurors
 came in, counsel answered:  No, sir.
During Greens cross-examination,
 Greer did not move to admit third-party guilt evidence or elicit testimony that
 implicated Green as the responsible party.  In closing, defense counsel reiterated
 Greers innocence, but did not cast suspicion on any other individual:

 At the
 beginning of this case I told you that there were two people who knew what
 happened that night and neither one of them are in this courtroom.  When I said
 that I didnt suggest, I wasnt suggesting that I was going to point the finger
 at someone, merely maintaining Joshua Greers innocence, maintaining his
 innocence, that he was not the one that swung that hammer.

The jury found
 Greer guilty of murder and armed robbery, and the trial judge imposed
 consecutive sentences of thirty years for murder and twenty years for armed
 robbery.
DISCUSSION
Greer contends the
 trial court erred by excluding third-party guilt evidence.  In response, the
 State maintains Greer never sought to argue evidence of third-party guilt and,
 therefore, failed to preserve this issue for our review.  We agree with the
 State and decline to address the merits of Greers appeal.
It is well settled
 that an issue cannot be raised for the first time on appeal, but must have been
 raised to and ruled upon first by the trial judge to be preserved for appellate
 review.  State v. Freiburger, 366 S.C. 125, 135, 620 S.E.2d 737, 742
 (2005).  Trial counsel is responsible for preserving issues for appellate review.
  State v. Passmore, 363 S.C. 568, 583, 611 S.E.2d 273, 281 (Ct. App.
 2005) (citing Jackson v. Speed, 326 S.C. 289, 306, 486 S.E.2d 750, 759
 (1997)).  Moreover, the objection in the trial court must have been made by the
 party raising the issue on appeal.  Tupper v. Dorchester County, 326 S.C. 318, 324, 487 S.E.2d 187, 190 (1997).  South Carolina appellate courts do
 not recognize the plain error rule, under which a court in certain
 circumstances is allowed to consider and rectify an error not raised below by
 the party.  Elam v. South Carolina Dept of Transp., 361 S.C. 9, 23-24,
 602 S.E.2d 772, 779-780 (2004); 
Error
 preservation requirements enable the trial court to rule properly after it has
 considered all relevant facts, law, and arguments.  Elam, 361 S.C. at
 24, 602 S.E.2d at 780; Staubes v. City of Folly Beach, 339 S.C. 406,
 412, 529 S.E.2d 543, 546 (2000).  Without an initial resolution by the trial
 court, a reviewing court simply would not be able to evaluate whether the trial
 court committed error.  Staubes, 339 S.C. at 412, 529 S.E.2d at 546; Floyd
 v. Floyd, 365 S.C. 56, 73, 615 S.E.2d 465, 474 (Ct. App. 2005).
A
 motion in limine seeks a pretrial declaration obviating the disclosure of
 potentially prejudicial matter to the jury.  State v. Hill, 331 S.C. 94,
 100-101, 501 S.E.2d 122, 125-126 (1998).  This preliminary ruling by the judge
 and the testimony encapsulated within that proceeding is, in essence, a
 temporary decision on admissibility.  State v. Floyd, 295 S.C. 518, 521,
 369 S.E.2d 842, 843 (1988).  
A
 proffer of testimony excluded in the preliminary ruling is required to preserve
 the issue of whether the exclusion was proper.  State v. Simmons, 360
 S.C. 33, 46, 599 S.E.2d 448, 454 (2004).  A reviewing court may not consider
 error alleged in the exclusion of testimony unless the record on appeal shows
 fairly what the rejected testimony would have been.  Greenville Memorial Auditorium v. Martin, 301 S.C. 242, 244, 391 S.E.2d 546, 547
 (1990).  If it is clear from the record that prejudice exists, the issue will
 be preserved on appeal despite the absence of a proffer.  State v. Myers,
 301 S.C. 251, 257-259, 391 S.E.2d 551, 555 (1990).  
An
 appellant may waive his right to appeal a decision by the trial judge through
 acquiescence.  State v. Jackson, 364 S.C. 329, 334-335, 613 S.E.2d 374,
 376-377 (2005).  An issue is not preserved if it has been conceded in the trial
 court.  State v. Benton, 338 S.C. 151, 156-57, 526 S.E.2d 228, 231
 (2000).  
Greer
 asserts for the first time on appeal that the trial court erred by excluding
 third-party guilt evidence.  Greer did not argue the issue of third-party guilt
 to the trial court, object to the trial courts exclusion of third-party guilt
 evidence, or proffer evidence of third-party guilt at trial.  In fact, when the
 court explained the parameters of its preliminary decision, defense counsel
 indicated he understood and agreed with the scope of examination the court
 would allow.  Moreover, in his closing statement Greer clarified his earlier comment
 on opening, explaining he wasnt suggesting that [he] was going to point the
 finger at someone, but was merely maintaining Joshua Greers innocence.  Consequently,
 there is no issue raised by the appellant for our review. 
Prejudice
 from the exclusion of third-party guilt evidence is not apparent from this
 record on appeal.  On direct examination Green admitted he was a prime suspect
 in Reagans murder because of his history and his record.  Green testified he
 was interviewed quite extensively by the Spartanburg Police Department over a
 very extended period of time.  Ultimately, the authorities concluded he was
 not involved with the murder.  Without a proffer of what more Greer might
 offer, apart from Greens testimony, as evidence of third-party guilt, we are
 unable to discern if the trial courts ruling was prejudicial error.   
Accordingly,
 Greers issue on appeal is not preserved for our review.
AFFIRMED.
ANDERSON, SHORT
 and WILLIAMS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.