THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Shandell J.
 Terry, Appellant.
 
 
 
 
 

Appeal From Hampton County
Alison Renee Lee, Circuit Court Judge

Unpublished Opinion No. 2008-UP-668
 Submitted December 1, 2008  Filed
December 8, 2008    

AFFIRMED

 
 
 
 Appellate Defender LaNelle C. DuRant, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief
 Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General
 Salley W. Elliott, Senior Assistant Attorney General Norman M. Rapoport, all of
 Columbia; and Solicitor Issac Stone, III, of Beaufort, for Respondent.
 
 
 

PER CURIAM: Shandell
 J. Terry appeals his convictions and sentences for trafficking in crack cocaine, possession
 of crack cocaine within one-half mile of a school, trafficking in cocaine, and possession
 of cocaine with intent to distribute within one-half mile of a school, arguing the trial court erred in denying his motion
 to suppress because law enforcement lacked probable cause to arrest him.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities: State v. Forrester, 343 S.C. 637, 642, 541 S.E.2d 837, 840 (2001) (finding there
 is no need for a subsequent objection where the witness introducing the
 evidence which was the subject of the motion in limine was the
 first witness at trial, there was no evidence taken between the motion in limine and the witnesss testimony, and the trial court did not have an
 opportunity to change its ruling); State v. Wood, 362 S.C. 520, 526, 608
 S.E.2d 435, 438-39 (Ct. App. 2004) (explaining a motion in limine to exclude evidence at beginning of trial does not preserve an issue for review
 because a motion in limine is not a final determination;
 therefore, the moving party must make a contemporaneous objection when the evidence
 is introduced).  
AFFIRMED.
ANDERSON,
 HUFF, and THOMAS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.