THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Devan Jevon
 Dwyer, Appellant.
 
 
 
 
 

Appeal From Sumter County
 R. Ferrell Cothran, Jr., Circuit Court
Judge

Unpublished Opinion No.   2011-UP-010
 Submitted January 1, 2011  Filed January
24, 2011

AFFIRMED

 
 
 
 Patrick M. Killen, of Sumter, for
 Appellant.
 Attorney General Henry Alan Wilson, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney
 General William M. Blitch, Jr., all of Columbia; and Solicitor C. Kelly Jackson,
 of Sumter, for Respondent.
 
 
 

PER CURIAM: Devan
 Jevon Dwyer was convicted of first-degree burglary, armed robbery, two counts
 of assault and battery with intent to kill (ABWIK), and possession of a firearm
 during the commission of a violent crime.  On appeal, Dwyer argues the trial
 court erred in excluding photos of drugs found in the victim's home and
 violated Dwyer's constitutional right to confront witnesses. We
 affirm.[1]
1. As to whether the trial court erred in excluding photographs taken by
 the police on the night in question that depicted illegal drugs in the victim's
 home: Because Dwyer failed to introduce the evidence during trial after the
 trial court granted the motion in limine to exclude the photos,
 we find this issue is not preserved for our review.  State
 v. Simpson, 325 S.C. 37, 42, 479
 S.E.2d 57, 60 (1996) ("A ruling in limine is not a final ruling on the admissibility of evidence. Unless an objection is
 made at the time the evidence is offered and a final ruling made, the issue is
 not preserved for review.") (internal citation omitted); S.C.
 Dep't of Highways & Pub. Transp. v. Galbreath, 315 S.C. 82, 83 n.2,
 431 S.E.2d 625, 627 n.2 (Ct. App. 1993) (noting the losing party has the
 burden to introduce the evidence during trial after the trial court granted the
 motion in limine and "even where a
 motion in limine is granted, it is not the final ruling on the
 admissibility of the evidence." (citing State v. Floyd, 295 S.C.
 518, 369 S.E.2d 842 (1988))). 
2.  As to whether the trial court erred in allowing the State to prosecute the
 second ABWIK in violation of Dwyer's constitutional right to confront victim's
 boyfriend: State v. Dunbar, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) ("In order for an issue to be preserved for appellate review, it must have been
 raised to and ruled upon by the trial [court]. Issues not raised and ruled upon in the trial court will not be considered on appeal.").  
AFFIRMED.
FEW, C.J.,
 SHORT and WILLIAMS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.