**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Jamel Dwayne Good, Appellant.

Appellate Case No. 2009-148286

Appeal From Union County
James C. Williams, Jr., Circuit Court Judge

Unpublished Opinion No. 2012-UP-616
Submitted October 1, 2012 – Filed November 21, 2012

**AFFIRMED**

Brian Steel, of The Steel Law Firm, of Atlanta, Georgia, and Christopher Wayne Adams, of the Law Office of Christopher W. Adams, PC, of Charleston, for Appellant.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Donald J. Zelenka, and Senior Assistant Attorney General Melody Jane Brown, all of Columbia; and Solicitor Kevin Scott Brackett, of York, for Respondent.

**PER CURIAM:** Jamel Dwayne Good appeals his conviction of murder, arguing the trial court erred in (1) denying his motion for a directed verdict and (2) excluding evidence of third-party guilt.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in denying Good's motion for a directed verdict: *State v. Weston*, 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006) ("When reviewing a denial of a directed verdict, [an appellate court] views the evidence and all reasonable inferences in the light most favorable to the [S]tate."); *id.* at 292-93, 625 S.E.2d at 648 ("If there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, [an appellate court] must find the case was properly submitted to the jury.").

2. As to whether the trial court erred in excluding evidence of third-party guilt: *State v. Santiago*, 370 S.C. 153, 163, 634 S.E.2d 23, 28-29 (Ct. App. 2006) ("As a general rule, if an issue was not raised and ruled upon below, it will not be considered for the first time on appeal."); *id.* at 163, 634 S.E.2d at 29 ("Moreover, a proffer of testimony is required to preserve the issue of whether testimony was properly excluded by the trial [court], and an appellate court will not consider error alleged in the exclusion of testimony unless the record on appeal shows fairly what the excluded testimony would have been."); *State v. Wood*, 362 S.C. 520, 526, 608 S.E.2d 435, 438 (Ct. App. 2004) ("In most cases, making a motion *in limine* to exclude evidence at the beginning of trial does not preserve an issue for review because a motion *in limine* is not a final determination.  Thus, the moving party must make a contemporaneous objection when the evidence is introduced." (citation omitted)).

**AFFIRMED.**

**SHORT, KONDUROS, and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.