**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Tina Dockery, Appellant.

Appellate Case No. 2011-183266

Appeal From Spartanburg County
J. Derham Cole, Circuit Court Judge

Unpublished Opinion No. 2014-UP-186
Submitted February 1, 2014 – Filed May 7, 2014

**AFFIRMED**

Appellate Defender Dayne C. Phillips, of Columbia; and Appellate Defender Carmen Vaughn Ganjehsani, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General John Benjamin Aplin, both of Columbia, for Respondent.

**PER CURIAM:** Tina Dockery appeals her conviction of unlawful conduct towards a child, arguing the trial court erred in admitting testimony of her

demeanor. We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Floyd*, 295 S.C. 518, 520, 369 S.E.2d 842, 843 (1988) ("The purpose of a motion *in limine* is to prevent disclosure of potentially prejudicial matter to the jury."); *id.* ("A ruling on [a motion *in limine*] is not the ultimate disposition on the admissibility of evidence [but] remains subject to change based upon developments during trial."); *State v. Atieh*, 397 S.C. 641, 647, 725 S.E.2d 730, 733 (Ct. App. 2012) (holding any objection to three witnesses' testimonies after counsel's motion *in limine* was not preserved because counsel did not renew his objection when the testimony was offered; however, counsel renewed his objection to the fourth witness's testimony and, therefore, the objection was preserved as to the fourth witness); *State v. Forrester*, 343 S.C. 637, 642, 541 S.E.2d 837, 840 (2001) ("[W]here a [court] makes a ruling on the admission of evidence on the record immediately prior to the introduction of the evidence in question, the aggrieved party does not need to renew the objection[; t]he issue is preserved."); *State v. Tufts*, 355 S.C. 493, 497, 585 S.E.2d 523, 525 (Ct. App. 2003) (holding an objection to witness testimony was preserved when the trial court ruled on the issue after in camera testimony, the court adjourned, and the next day the State immediately called the witness as to which the objection was made); *State v. Kirton*, 381 S.C. 7, 37, 671 S.E.2d 107, 122 (Ct. App. 2008) ("The admission of improper evidence is harmless where the evidence is merely cumulative to other evidence."); *State v. Schumpert*, 312 S.C. 502, 507, 435 S.E.2d 859, 862 (1993) (holding even if the defendant had successfully renewed his objection to the witness's testimony after his motion *in limine*, any error would have been harmless because two other witnesses testified to the same fact without objection).

**AFFIRMED.**[1]

**WILLIAMS, KONDUROS, and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.