**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Mario Valerio Gonzalez Hernandez, Appellant.

Appellate Case No. 2014-002376

———————

Appeal From Newberry County
Eugene C. Griffith, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2017-UP-324
Heard May 2, 2017 – Filed August 2, 2017

———————

**AFFIRMED**

———————

Michael J. Anzelmo and Graham R. Billings, both of Nelson Mullins Riley & Scarborough, LLP; and Chief Appellate Defender Robert Michael Dudek, all of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Vann Henry Gunter, Jr., both of Columbia; and Solicitor David Matthew Stumbo, of Greenwood, for Respondent.

———————

**PER CURIAM:** Mario Valerio Gonzalez Hernandez (Appellant) appeals his criminal sexual conduct (CSC) with a minor in the second degree conviction, asserting on appeal the trial court erred in (1) admitting testimony from an expert in DNA[1] analysis—that no conclusion could be reached regarding whether he could be included or excluded as a contributor of DNA—because the evidence was irrelevant and invited the jury to speculate about its meaning; (2) admitting testimony of an investigator regarding what an interpreter told the investigator Appellant said in Spanish, because the testimony was hearsay and was not subject to any exception; and (3) admitting expert testimony from a forensic nurse examiner that corroborated details of an alleged assault on the minor victim (Victim) because it improperly bolstered Victim's testimony. We affirm.

1. We find Appellant's first issue is not preserved. Though "[a] party need not use the exact name of a legal doctrine in order to preserve it, . . . it must be clear that the argument has been presented on that ground." *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 694 (2003). "An objection must be made on a specific ground." *State v. Jennings*, 394 S.C. 473, 481, 716 S.E.2d 91, 95 (2011). *See id.* at 481-82, 716 S.E.2d at 95 (holding, though appellant argued against the admission of videos prior to the victims' testimony, he failed to make any constitutional arguments in support of his objection, and therefore his argument that his constitutional rights were violated was not preserved); *State v. Prioleau*, 345 S.C. 404, 411, 548 S.E.2d 213, 216 (2001) ("[A]n objection should be sufficiently specific to bring into focus the precise nature of the alleged error so it can be reasonably understood by the trial [court]."). In order to preserve an objection for appellate review, the objection must be made "with sufficient specificity to inform the [trial court] of the point being urged by the objector." *State v. Byers*, 392 S.C. 438, 444, 710 S.E.2d 55, 58 (2011). Appellant contends the trial court erred in admitting the DNA expert's testimony that no conclusion could be reached regarding the inclusion or exclusion of him as a contributor to the mixture of DNA found on Victim's nightgown, arguing the testimony had no probative value and could not have assisted the trier of fact. In particular, Appellant argues on appeal that the expert's testimony indicated Appellant could be included, and not excluded, as a contributor to the DNA on the nightgown, and this DNA evidence was irrelevant and of no probative value due to a lack of statistical

[1] "DNA is the commonly used abbreviation for deoxyribonucleic acid, 'the long, double-strand molecule found in the chromosomes carried in cell nuclei' that 'contains the genetic blueprint for all living organisms.'" *State v. Simmons*, 416 S.C. 584, 587 n.1, 788 S.E.2d 220, 222 n.1 (2016) (quoting *State v. Dinkins*, 319 S.C. 415, 417, 462 S.E.2d 59, 60 (1995)).

context regarding his DNA profile. Appellant's argument that the DNA evidence had no probative value due to a failure to include statistical context was never raised to the trial court. Based upon the arguments as they were made to the trial court,[2] we find trial counsel was not "sufficiently specific to bring into focus the precise nature of the alleged error so it [could] be reasonably understood by the trial [court]." *Prioleau*, 345 S.C. at 411, 548 S.E.2d at 216.

More importantly, Appellant failed to preserve this issue for review because he failed to make a contemporaneous objection when the testimony of which he complains was offered at trial. Technically, Appellant's motion to exclude testimony that he could neither be included nor excluded as a contributor to the DNA mixture was not a motion in limine because it was made after the trial had begun. *See State v. Mueller*, 319 S.C. 266, 269 n. 1, 460 S.E.2d 409, 410 n. 1 (Ct. App. 1995) ("A motion in limine is a pretrial procedure . . . ."). Nonetheless, as with a motion in limine, the purpose of trial counsel's motion was to receive a preliminary ruling that would prevent the disclosure of possibly prejudicial matter to the jury. *See, e.g., State v. Floyd*, 295 S.C. 518, 520, 369 S.E.2d 842, 843 (1988) ("The purpose of a motion *in limine* is to prevent disclosure of potentially prejudicial matter to the jury."). Because the ruling was preliminary, it was subject to change based on developments at trial. *See id.* ("A ruling on the motion is not the ultimate disposition on the admissibility of evidence. It remains subject to change based upon developments during trial."); *State v. Forrester*, 343 S.C. 637, 642, 541 S.E.2d 837, 840 (2001) ("[M]aking a motion *in limine* to exclude evidence . . . does not preserve an issue for review because a motion *in limine* is not a final determination. The moving party, therefore, must make a

_____

[2] Citing the Maryland case of *Diggs and Allen v. State*, 73 A.3d 306 (Md. Ct. Spec. App. 2013), trial counsel argued to the trial court that testimony Appellant could neither be included nor excluded as a contributor of DNA on any of the items should be excluded because it was "evidence of nothing." In the *Diggs and Allen* case, Allen argued testimony that he "could neither be 'included nor excluded' as the source of the DNA recovered—in other words, that the DNA analysis was inconclusive" was "irrelevant and, therefore, inadmissible, because it prove[d] nothing." *Id.* at 328. The Maryland Court of Special Appeals held,"[w]hile we agree with Allen that an inconclusive test is evidence of nothing, we also agree with the State that any error committed in admitting this evidence is harmless beyond a reasonable doubt because evidence of nothing could not prejudicially affect the fairness of Allen's trial." *Id.* at 328-29. Contrary to his appellate argument, defense counsel did not raise any issue in regard to the lack of statistical relevance when citing that case to the trial court.

contemporaneous objection when the evidence is introduced."). Had no evidence been presented between the trial court's ruling from the initial in camera hearing and the presentation of the objectionable evidence, then no contemporaneous objection would have been necessary to preserve the issue for appeal. *See id.* at 642-43, 541 S.E.2d at 837, 840 (finding no contemporaneous objection was necessary because the trial court had denied the motion in limine immediately before the witness testified). However, the trial court heard the direct, cross-examination, and re-direct and re-cross testimony of another witness before the objectionable testimony was elicited from the DNA expert by the solicitor, therefore making it necessary for trial counsel to make a contemporaneous objection to allow the trial court to make a final ruling on the issue.[3] Further, a review of the record shows the trial court did not consider its ruling on the admissibility of the DNA expert's testimony final, but subject to exclusion based upon any objections made regarding trial counsel's concern that the evidence would not assist the trier of fact. *See State v. Atieh*, 397 S.C. 641, 646, 725 S.E.2d 730, 733 (Ct. App. 2012) ("A ruling in limine is not final; unless an objection is made at the time the evidence is offered and a final ruling procured, the issue is not preserved for review."); *id.* at 646-47, 725 S.E.2d at 733 (providing exceptions to the rule that a contemporaneous objection must be made at the time evidence is offered to preserve the matter (1) when the motion in limine is made immediately prior to the introduction of the evidence in question and (2) when the trial court clearly indicates its ruling is final). Because no objection was made when the evidence was admitted, the issue is not preserved for our review.

2. As to Appellant's second issue, even assuming arguendo that the trial court erred in admitting Investigator Goodman's testimony regarding what the interpreter was told by Appellant in Spanish, we find any such error is harmless beyond a reasonable doubt. "An appellate court generally will decline to set aside a conviction due to insubstantial errors not affecting the result." *State v. Chavis*, 412 S.C. 101, 109, 771 S.E.2d 336, 340 (2015). "Whether an error is harmless depends on the circumstances of the particular case." *State v. Tapp*, 398 S.C. 376, 389, 728 S.E.2d 468, 475 (2012) (quoting *State v. Mitchell*, 378 S.C. 305, 316, 662 S.E.2d

---

[3] We recognize an objection was raised and another in camera hearing was held during the testimony of the DNA expert, prior to admission of the testimony to which Appellant objects on appeal. However, that objection was made on a different basis, and no objection was made by trial counsel during this second in camera hearing concerning the admissibility of testimony from the DNA expert regarding whether Appellant could be included or excluded as a contributor to the DNA mixture.

493, 499 (2012)). "Error is harmless when it could not reasonably have affected the result of the trial." *Id.* (quoting *Mitchell*, 378 S.C. at 316, 66 S.E.2d at 499). Both Investigator Goodman and the interpreter testified Appellant stated there was inappropriate touching of the private parts; it started around December 2012; clothes were on at all times; and there was no penetration involved. Therefore, Investigator Goodman's testimony in this respect was cumulative to the unobjected to testimony of the interpreter. *See State v. Johnson*, 298 S.C. 496, 499, 381 S.E.2d 732, 733 (1989) ("The admission of improper evidence is harmless [when] it is merely cumulative to other evidence."). We further note testimony that Appellant admitted to inappropriately touching Victim but denied having sexual intercourse with her was previously admitted through the testimony of Officer Rowe and Ms. Rivera. Finally, the substance of any additional details contained in Investigator Goodman's testimony not provided by the interpreter's testimony was either inconsequential or was favorable to Appellant. Accordingly, the admission of the testimony in question could not reasonably have affected the result of the trial, and any possible error in admitting this testimony is harmless.

3.      In regard to Appellant's third issue—that the trial court erred in admitting testimony from the expert in forensic nursing that corroborated Victim's details of the alleged assault because it improperly bolstered the Victim's testimony—we hold this issue is not preserved for our review. Appellant never objected to the testimony from this expert he now challenges on appeal. Nor did he raise any argument to the trial court concerning improper bolstering. *See Atl. Coast Builders & Contractors, LLC v. Lewis*, 398 S.C. 323, 330, 730 S.E.2d 282, 285 (2012) ("While it may be good practice for [the appellate court] to reach the merits of an issue when error preservation is doubtful, we should follow our longstanding precedent and resolve the issue on preservation grounds when it clearly is unpreserved."); *State v. Johnson*, 363 S.C. 53, 58-59, 609 S.E.2d 520, 523 (2005) (noting, in order to properly preserve an issue for appellate review, there must be a contemporaneous objection that is ruled upon by the trial court, and if a party fails to properly object, he is procedurally barred from raising the issue on appeal); *Dunbar*, 356 S.C. at 142, 587 S.E.2d at 693-94 ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court]. Issues not raised and ruled upon in the trial court will not be considered on appeal.").

**AFFIRMED.**

**LOCKEMY, C.J., and HUFF and THOMAS, JJ., concur.**