**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Shawn Roseberry Bisnauth, Appellant.

Appellate Case No. 2017-002445

―――――――――――

Appeal From York County
Thomas L. Hughston, Jr., Circuit Court Judge

―――――――――――

Unpublished Opinion No. 2020-UP-236
Submitted June 1, 2020 – Filed August 12, 2020

―――――――――――

**AFFIRMED**

―――――――――――

Katherine Carruth Goode, of Winnsboro; and Jack B. Swerling, of Columbia, both for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Attorney General David A. Spencer, both of Columbia; and Solicitor Kevin Scott Brackett, of York, all for Respondent.

―――――――――――

**PER CURIAM:** Shawn Roseberry Bisnauth appeals his convictions for possession with intent to distribute cocaine, third or subsequent offense; trafficking in heroin;

trafficking in methamphetamine; and failure to stop for a blue light. He contends the circuit court erred in admitting evidence discovered based on a search warrant issued as the result of an insufficient affidavit. He also appeals the circuit court's denial of his motion to sever the failure to stop charge from trial of the drug offenses. We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Wood*, 362 S.C. 520, 526, 608 S.E.2d 435, 438 (Ct. App. 2004) ("In most cases, making a motion *in limine* to exclude evidence at the beginning of trial does not preserve an issue for review because a motion *in limine* is not a final determination."); *id.* ("Thus, the moving party must make a contemporaneous objection when the evidence is introduced."); *State v. Tucker*, 324 S.C. 155, 164, 478 S.E.2d 260, 265 (1996) ("A motion for severance is addressed to the trial court and should not be disturbed unless an abuse of discretion is shown."); *id.* ("Charges can be joined in the same indictment and tried together whe[n] they (1) arise out of a single chain of circumstances, (2) are proved by the same evidence, (3) are of the same general nature, and (4) no real right of the defendant has been prejudiced."); *id.* at 164-65, 478 S.E.2d at 265 (affirming the circuit court's denial of a motion to sever because the charges were interconnected and one served as evidence of flight and identity for the other).

**AFFIRMED.**[1]

**WILLIAMS, KONDUROS, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.