**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Howard James Woods, Jr., Appellant.

Appellate Case No. 2017-000775

---

Appeal from Greenwood County
Frank R. Addy, Jr., Circuit Court Judge

---

Unpublished Opinion No. 2021-UP-116
Heard May 5, 2020 – Filed April 14, 2021

---

**AFFIRMED**

---

Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Mark Reynolds Farthing, both of Columbia; and Solicitor David Matthew Stumbo, of Greenwood, for Respondent.

---

**PER CURIAM:**  Howard James Woods, Jr., appeals his conviction for second-degree criminal sexual conduct (CSC) with a minor and sentence of fifteen years' imprisonment.  Woods argues the trial court abused its discretion by

allowing the victim to testify that he assaulted her when she was twelve years old because such evidence was outside the time frame alleged in the indictment and denied Woods his right to due process by way of fair notice and his right to a fair trial. We affirm.

A Greenwood County grand jury indicted Woods for second-degree CSC with a minor.[1] Prior to trial, Woods moved to quash the indictment as overbroad. The indictment accused Woods of violating section 16-3-655(B) of the South Carolina Code (2015), which provides a person is guilty of second-degree CSC with a minor when:

> (1) the actor engages in sexual battery with a victim who is fourteen years of age or less but who is at least eleven years of age; or

> (2) the actor engages in sexual battery with a victim who is at least fourteen years of age but who is less than sixteen years of age and the actor is in a position of familial, custodial, or official authority to coerce the victim to submit or is older than the victim. However, a person may not be convicted of a violation of the provisions of this item if he is eighteen years of age or less when he engages in consensual sexual conduct with another person who is at least fourteen years of age.

The indictment alleged the offenses occurred between January 1, 2005, and December 31, 2009. However, it also stated the victim was at least fourteen but less than sixteen years old, which is only consistent with the wording of section 16-3-655(B)(2). Woods argued that because the indictment accused him of conduct occurring from 2005 until 2009, it unfairly required him to defend against allegations spanning over a lengthy period. The trial court denied the motion to quash but ruled the State would be limited to presenting testimony within the time frame of July 2008 until December 2009, when the victim would have been fourteen or fifteen years old.

The victim testified during trial that Woods sexually assaulted her when she was twelve years old. Woods objected "to [the] testimony about assaults outside the

---

[1] Woods was also indicted for first-degree CSC with a minor; the jury acquitted him of this offense.

time frame of the indictment." The State responded that the evidence "would go to the res gestae." The trial court then held an off-the-record bench conference, after which it overruled the objection "subject to" the off-the-record conference. Although the court stated that it would later "put that [discussion] on the record," the substance of the bench conference was never made part of the record.

"In criminal cases, the appellate court sits to review errors of law only." *State v. Wilson*, 345 S.C. 1, 5, 545 S.E.2d 827, 829 (2001); *see also* S.C. Const. art. V, § 9 ("The Court of Appeals shall have such jurisdiction as the General Assembly shall prescribe by general law. The decisions of the Supreme Court shall bind the Court of Appeals as precedents."); S.C. Code Ann. § 14-8-200(a) (2017) ("[T]he court has jurisdiction over any case in which an appeal is taken from an order, judgment, or decree of the circuit court . . . . This jurisdiction is appellate only, and the court shall apply the same scope of review that the Supreme Court would apply in a similar case.").

When reviewing a trial court's rulings on the admission or exclusion of evidence, we apply an abuse of discretion standard. *State v. Clasby*, 385 S.C. 148, 154, 682 S.E.2d 892, 895 (2009) ("The trial [court] has considerable latitude in ruling on the admissibility of evidence and [it]s decision should not be disturbed absent prejudicial abuse of discretion."); *State v. Black*, 400 S.C. 10, 16, 732 S.E.2d 880, 884 (2012) ("An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support." (quoting *State v. Jennings*, 394 S.C. 473, 477-78, 716 S.E.2d 91, 93 (2011))).

To be preserved for appellate review, an issue must have been raised to and ruled upon by the trial court. *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 694 (2003) ("An issue that was not preserved for review should not be addressed by the Court of Appeals . . . ."); *State v. Floyd*, 295 S.C. 518, 520, 369 S.E.2d 842, 843 (1988) ("[R]ulings *in limine* do not constitute final determinations on admissibility of evidence."); *see also* 15 S.C. Jur. *Appeal and Error* § 71 (2021) ("As a general rule, a party cannot rely on issues raised by someone else at trial.").

When arguments or rulings pertaining to a defendant's objection take place off the record, the defendant must ensure the substance of those arguments and rulings are made part of the record in order to preserve the issue for appellate review. *See State v. Washington*, 431 S.C. 394, 405 n.4, 848 S.E.2d 779, 785 n.4 (2020) (finding unpreserved appellant's argument that a witness's testimony was admissible as a prior inconsistent statement under Rule 801, SCRE, when defense

counsel solely argued at trial that "[the witness] already testified," and although an off-the-record bench conference followed, there was "no record of the substance of the arguments or rulings that took place" during the conference); *id.* ("In many instances, bench conferences are necessary. . . . Even so, we stress the importance of placing on the record arguments and rulings that took place off the record . . . ."); *Smalls v. State*, 422 S.C. 174, 182 n.3, 810 S.E.2d 836, 840 n.3 (2018) ("When a conference takes place off the record, it is trial counsel's duty to put the substance of the discussion and the trial court's ruling on the record.").

Here, although Woods objected during Victim's testimony, he failed to ensure that the substance of the off-the-record bench conference—and thus the specific basis for the objection and the reasoning underlying the trial court's ruling—was made part of the record. Based on the record before us, we are unable to ascertain either the basis of the objection or the reasoning underlying the court's admission of the testimony. Consequently, we cannot determine whether the trial court abused its discretion by admitting the testimony over Woods's objection. We therefore find Woods failed to preserve any issue for appellate review and we affirm his conviction.

**AFFIRMED.**

**LOCKEMY, C.J., and GEATHERS and HEWITT, JJ., concur.**